IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO.   20-cr-45 |
| ABDUR RAHIM ISLAM, SHAHIED DAWAN, KENYATTA JOHNSON, and DAWN CHAVOUS | : : | |

### O R D E R

Upon application of the United States of America for an Order declaring this matter to be a complex case pursuant to Title 18, United States Code, Section 3161(h)(7)(B)(ii), and requesting exclusion of time under the Speedy Trial Act, having concurred in the assertion that this matter is complex as defined in the statute, and upon consideration of the position of counsel for defendants, the Court having found that an Order granting a finding that the case is complex and that a continuance of time for trial beyond the Speedy Trial Act limits should be entered, and that the time period of the delay shall be excluded from the Speedy Trial Act limits within which a trial should commence, and for good and sufficient cause shown, it is HEREBY ORDERED that the motion is GRANTED.

IT IS FURTHER THE FINDING OF THIS COURT that a continuance of time for trial beyond the Speedy Trial Act limits is justified for the following reasons:

1.  The twenty-two count Indictment alleges a wide-ranging racketeering conspiracy and related crimes including bribery, honest services fraud, multiple counts of wire fraud, and tax offenses.

2.  Islam and Dawan are also charged with engaging in a corrupt scheme in which Michael Bonds, the former president of the Milwaukee Public Schools (MPS) Board of Directors, received approximately $18,000 in exchange for Bonds using his official position to

take a series of official actions advantageous to Islam, Dawan, and Universal Companies.

       3.       Islam and Dawan are also alleged to have engaged in theft and embezzlement at Universal.

       4.       The Indictment also alleges that Islam and Dawan used Universal's funds to pay Islam excessive, inflated, or outright fraudulent reimbursements for "travel" or other purported "business expenses."

       5.       The indictment in this case was the result of an extensive, years-long investigation by federal agents of the Federal Bureau of Investigation and the Internal Revenue Service.  As such, the discovery in this case is considerable, and includes numerous items seized during the execution of search warrants, numerous boxes of pertinent banking records from a variety of bank accounts, witness statements, extensive grand jury testimony, and additional business records and discoverable items.  It includes approximately two million pages stored across seven (7) terabytes in electronic format and at least fifteen (15) bankers boxes. According to the government, much of its proof involves extensive financial investigation and examination of banking records.

       6.       Much of the discovery is already scanned for distribution to the defense, and other discoverable documentation is being organized and will be made available promptly to the defense.

       7.       Defendants and their counsel will need sufficient time to review the extensive discovery in this matter, and conduct whatever examination or investigation they deem appropriate.

       8.       In addition, depending upon the results of their examination of the government's discovery, the defendants and their counsel will need time to determine what

motions should be filed, if any.

9. The defendants are aware that absent the designation of this case as "complex," they would have a right to be tried within seventy days of their first appearance in this district in connection with this matter, pursuant to 18 U.S.C. § 3161(c)(1).

10. Counsel for the government have conferred with counsel for the defendants. All counsel are in agreement that this matter is complex. Moreover, defense counsel do not oppose the filing of the government's motion and concur that the matter should be designated "complex" pursuant to the Order of this Court.

11. In light of these findings and given the nature of the case and its complexity, it is unreasonable to expect adequate preparation for pretrial proceedings or the trial itself within the time limits established under the Speedy Trial Act. A scheduling order setting a trial date, along with a schedule for motions, beyond the Speedy Trial Act limits will enable counsel for the defendants to adequately review the extensive discovery, prepare pre-trial motions, and proceed to trial after proper preparation.

12. Pursuant to Title 18 U.S.C. § 3161(h)(7)(A), the ends of justice served by taking this action outweigh the best interests of the public and the defendant in a speedy trial.

WHEREFORE, on this \_\_\_\_\_ day of February 2020, it is HEREBY ORDERED that this matter is declared complex and trial in this matter is continued until _____, 20\_\_.

                                                 BY THE COURT:

                                                 _____
                                                 GERALD A. McHUGH
                                                 United States District Court Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO.   20-45 |
| ABDUR RAHIM ISLAM, SHAHIED DAWAN, KENYATTA JOHNSON, and DAWN CHAVOUS | : : : | |

**GOVERNMENT'S UNOPPOSED MOTION TO DESIGNATE THE CASE AS COMPLEX <u>AND FOR EXCLUSION OF TIME UNDER THE SPEEDY TRIAL ACT</u>**

The United States of America, by and through its attorneys, Jennifer A. Williams First Assistant United States Attorney for the Eastern District of Pennsylvania, and the undersigned attorneys, moves under 18 U.S.C. § 3161(h)(7) for a designation of the case as complex and for an exclusion of time from Speedy Trial Act calculations based upon that complexity.

In support of the Motion, the government states the following:

1.      The twenty-two count Indictment alleges a wide-ranging racketeering conspiracy and related crimes including bribery, honest services fraud, multiple counts of wire fraud, and tax offenses.   Former Universal Community Homes Chief Executive Officer and Board President Abdur Rahim Islam, former Chief Financial Officer and Secretary of Universal's Board Shahied Dawan, City Councilman Kenyatta Johnson, and his spouse, political consultant Dawn Chavous were charged with criminal schemes involving thousands of dollars in bribe payments to public officials and the misappropriation of hundreds of thousands of dollars

5

from Universal.

        2.     Specifically, Islam, Dawan, Johnson and Chavous are alleged to have engaged in bribery and honest services fraud in Philadelphia involving a scheme in which Philadelphia City Councilman Johnson and his spouse, Chavous, received payments in excess of $66,000 in exchange for Johnson using his public office to take official actions to benefit Islam, Dawan, and Universal, including but not limited to: introducing and voting upon spot zoning legislation related to the Royal Theater, a property formerly held by Universal, and blocking reversion to the City of Philadelphia of another property held by Universal after it failed to develop the property pursuant to its agreement with the City of Philadelphia;

        3.     Islam and Dawan are also charged with engaging in a corrupt scheme in which Michael Bonds, the former president of the Milwaukee Public Schools (MPS) Board of Directors, received approximately $18,000 in exchange for Bonds using his official position to take a series of official actions advantageous to Islam, Dawan, and Universal, including but not limited to: advocating for and voting in favor of Universal's expansion of charter school operations in Milwaukee, motioning the MPS Board to lease MPS property to Islam, Dawan, and Universal, motioning the MPS Board to approve more favorable lease terms to the benefit of Islam, Dawan, and Universal, and voting in favor of the more favorable lease terms;

        4.     Islam and Dawan are also alleged to have engaged in theft and embezzlement at Universal.  According to the Indictment, between 2010 and 2016, Islam drew significant sums of money from Universal in the form of bonuses and travel or expense reimbursements, in addition to his annual salary. Although Universal's Board of Directors was charged with reviewing and approving Universal's financials and major initiatives on a quarterly

6

or annual basis, defendants Islam and Dawan used their positions as CEO and CFO, respectively, to pay themselves bonuses without the approval or knowledge of the Board. Islam and Dawan paid themselves annual five-figure bonuses even while Universal was hemorrhaging money due to the failed charter school expansion in Milwaukee.

5. The Indictment also alleges that Islam and Dawan used Universal's funds to pay Islam excessive, inflated, or outright fraudulent reimbursements for "travel" or other purported "business expenses." Islam would pad his "expenses" related to the operation of Universal, including its charter schools, with a variety of personal expenses that should not have been reimbursed. For example, Islam submitted his personal car insurance, political contributions, personal vacations, and gym memberships as "business expenses," which were reimbursed by Universal and also not included as income on his IRS Forms 1040. Islam's "reimbursements" were reviewed and approved by Dawan outside the standard procedures for Universal and without proper and detailed supporting documentation. Islam and Dawan also authorized Islam to receive large sums of "pocket money" or per diem from Universal. In total, Islam and Dawan stole approximately $463,000.

6. The indictment in this case was the result of an extensive, years-long investigation by federal agents of the Federal Bureau of Investigation and the Internal Revenue Service. Assistance also was provided by the Department of Education Office of Inspector General. The discovery in this case is voluminous and includes the results of search warrants, numerous boxes of pertinent records from a variety of sources including business records, bank accounts, witness statements, extensive grand jury testimony and exhibits, and numerous boxes of additional business records. It includes approximately two million pages stored across seven

7

(7) terabytes in electronic format and at least fifteen (15) bankers boxes.  The investigation and the proof at trial will involve significant financial analysis and examination of banking, business, and other financial records, including extensive email traffic.

   7. The government has scanned significant portions of this discovery and will distribute it once a protective order has been issued by this Court.  In addition, the government anticipates organizing additional discoverable materials which will be promptly made available to defense counsel.

   8. The case is complex and unusual due to the nature of the alleged schemes and the extensive amount of discovery, as described above.

   9. Additional time in this case is required to allow the defendants and their counsel time to examine the extensive discovery in this matter, conduct whatever examination or investigation they deem pertinent, and to determine whether pre-trial motions are warranted.

   10. Given the nature of the case and its complexity, it is unreasonable to expect adequate preparation for pretrial proceedings or the trial itself within the time limits established under the Speedy Trial Act.  The grant of the continuance beyond the Speedy Trial will enable counsel for the defendant to adequately review the extensive discovery, prepare motions, and then proceed to trial after proper preparation.

   11. Counsel for the government have conferred with counsel for the defendants.  All counsel are in agreement that this matter is complex.  Moreover, defense counsel do not oppose the filing of this government's motion and concur that the matter should be designated "complex" pursuant to the Order of this Court.

   12. Failure to grant an exclusion of time under the Speedy Trial Act would

likely result in a miscarriage of justice. *See* 18 U.S.C. § 3161(h)(8)(B)(I).

13. Pursuant to 18 U.S.C. § 3161(h)(7)(A), the ends of justice served by granting the a continuance beyond the time limits set forth in the Speedy Trial Act outweigh the best interests of the public and the defendants in a speedy trial.

WHEREFORE, the government respectfully submits that its motion for complex case designation and for exclusion of time under the Speedy Trial Act be granted.

                                  Respectfully submitted,

                                  JENNIFER A. WILLIAMS
                                  Attorney for the United States, Acting
                                  Under Authority Conferred by 28 U.S.C. §
                                  515

        By:

                                  /s/   Eric L. Gibson
                                  ERIC L. GIBSON
                                  MARK B. DUBONFF
                                  Assistant United States Attorneys

Dated: February __, 2020

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Government's motion to designate the case as complex and for exclusion of time under the Speedy Trial Act has been served upon the all counel of record electronically and via ECF.

s/Eric L. Gibson<br>
ERIC L. GIBSON<br>
Assistant United States Attorney

Dated: February 12, 2020