

**Barry Gross**
Senior Counsel
barry.gross@faegredrinker.com
215-988-2872 direct

**Faegre Drinker Biddle & Reath** LLP
One Logan Square, Suite 2000
Philadelphia, Pennsylvania  19103
+1 215 988 2700 main
+1 215 988 2757 fax

faegredrinker.com

March 18, 2022

Honorable Gerald A. McHugh
James A. Byrne United States Courthouse
601 Market Street
Philadelphia, PA 19106

**RE:**  *United States v. Islam et al.*, **No. 2:20-CR-00045-GAM**

Dear Judge McHugh:

      The undersigned counsel to Ms. Dawn Chavous and Councilmember Kenyatta Johnson jointly submit this letter for the Court's consideration.

      As set forth in its trial brief, the Government seeks to introduce certain statements made by defendant Abdur Rahim Islam and defendant Shahied Dawan—specifically, Mr. Islam's interview with federal agents in March 2017 and portions of Mr. Dawan's grand jury testimony. ECF No. 206 at 39-41.  According to the Government, these testimonial, out-of-court statements do not run afoul of the rule against hearsay because they are party statements made by Mr. Islam and Mr. Dawan and can therefore be used against them under Federal Rule of Evidence 802(d)(2)(A).  But the Government does not seek to use these statements against *just* Mr. Islam and Mr. Dawan; it seeks to use them against Ms. Chavous and Councilmember Johnson, too.  That, of course, gives rise to a Confrontation Clause violation.  Accordingly, Ms. Chavous and Councilmember Johnson request that the statements be excluded.

      The Confrontation Clause bars the Government from introducing into evidence out-of-court statements which are testimonial in nature unless the witness is unavailable and the defendant had a prior opportunity to cross-examine the witness, regardless of whether the statements are deemed reliable.  *Crawford v. Washington*, 541 U.S. 36, 61 (2004); U.S. Const., amend. VI.  Here, there can be no doubt that the two-prong *Crawford* inquiry cannot be met.  Though Mr. Islam and Mr. Dawan cannot be compelled to testify, and are therefore considered "unavailable" as witnesses, Ms. Chavous and Councilmember Johnson have not had the opportunity to cross-examine them regarding these statements.  Thus, any attempt to introduce the statements runs afoul of Ms. Chavous's and Councilmember Johnson's Sixth Amendment right to confront the witnesses against them.[1]

---

[1] *Crawford* only applies to preclude "testimonial" statements, including "[s]tatements taken by police officers in the course of interrogations" and "prior testimony at a . . . grand jury." 541 U.S. 52, 68; *see also United States v. Hendricks*, 395 F.3d 173, 178 (3d Cir. 2005); *United States v. Totoro*, No. 15-291, 2017 WL 3189216, at *9 (E.D. Pa. July 27, 2017) ("With respect to the video recording of the alleged victim's interview with the FBI, if the victim does not testify at trial, admission of this interview would violate the Confrontation Clause.").

Honorable Gerald A. McHugh                -2-                             March 18, 2022

In *Crawford*, the Supreme Court anticipated the possibility of a conflict between the Confrontation Clause and the Federal Rules of Evidence and held that the former must trump the latter because a defendant's Sixth Amendment right "does not evaporate when testimony happens to fall within some broad, modern hearsay exception, even if that exception might be justifiable in other circumstances." *Id.* at 56 n.7. Thus, the fact that Mr. Islam's and Mr. Dawan's statements may come in under Rule 802(d)(2)(A) does not mean that the statements are admissible at the expense of Ms. Chavous's and Councilmember Johnson's right to confront the witnesses against them. The same principle holds true should the Government seek to admit the statements under Rule 801(d)(2)(E), which provides that an out-of-court statement "made by the party's coconspirator during and in furtherance of the conspiracy" is admissible.

Further, even if the statements were not testimonial and therefore not subject to *Crawford*, Rule 801(d)(2)(E) does not apply because neither statement was made in furtherance of the alleged conspiracy involving Ms. Chavous and Councilmember Johnson. These statements were made long after the alleged conspiracy concluded. *See Wong Sun v. United States*, 371 U.S. 471, 490 (1963) ("an out-of-court declaration made after arrest may not be used at trial against one of the declarant's partners in crime" if the declaration is made after "the conspiracy ends"). Counts Nine and Ten of the Indictment allege that Mr. Islam and Mr. Dawan hired Ms. Chavous in 2013 under the guise of a consulting contract to funnel bribe money to Councilmember Johnson. According to the Government's theory, Councilmember Johnson helped rezone the Royal Theater and hindered the reversion of certain properties at 1309-1313 Bainbridge Street, all for Universal's benefit. But the threatened reversion of the Bainbridge Street properties occurred in early 2014, and the Royal Theater was rezoned in late 2014, concluding the alleged conspiracy three years before Mr. Islam and Mr. Dawan made their statements. Even taking the alleged conspiracy to its extreme logical end—when Universal sold the Royal Theater in 2016—the alleged conspiracy still would have ended a year before the statements at issue were given.

Of course, the Government has alleged a second conspiracy in this case relating to Mr. Islam's and Mr. Dawan's supposed effort to defraud Universal for their own personal benefit. To the extent the Government contends that the statements further a criminal conspiracy other than the one described in Counts Nine and Ten of the Indictment, the statements are plainly inadmissible in Phase 1 of the trial. *See* ECF No. 108. Setting aside the Confrontation Clause issues discussed above, it would be a remarkable departure from the strictures of Rule 801(d)(2)(E) to allow the Government to use Mr. Islam's and Mr. Dawan's statements against Ms. Chavous and Councilmember Johnson if those statements actually further the conspiracy at the heart of Phase 2 of the trial.

---

Both statements at issue here are plainly testimonial. Mr. Dawan's statement to the Grand Jury was sworn testimony. See *Hendricks*, 395 F.3d at 180 (explaining that one "concrete example of obviously testimonial statements" is a sworn statement "before a grand jury"). And, although not sworn, Mr. Islam's statement to IRS-CI Special Agent Ian Totani and FBI Special Agent Robert McManigal is testimonial because, as the Third Circuit stated in *Hendricks*, "a person who makes a formal statement to government officers bears testimony in a sense that a person who makes a casual remark to an acquaintance does not." *Id.* at 178. In their nearly two-hour-long interview with Mr. Islam, the agents "identified themselves," "displayed their credentials," and said that they "were assisting the United States Attorney's Office with an investigation." ECF No. 206 at Ex. 1. Indeed, these circumstances "would lead an objective witness reasonably to believe that the statement would be available for use at a later trial." *Crawford*, 541 U.S. at 52.

Honorable Gerald A. McHugh                -3-                March 18, 2022

       For the foregoing reasons, Ms. Chavous and Councilmember Johnson respectfully submit that the Government should not be permitted to make an end run around their Sixth Amendment rights either through Rule 802(d)(2)(A) or Rule 801(d)(2)(E), and asks the Court to exclude those statements from trial.

Respectfully,

/s/ Barry Gross
Barry Gross
**FAEGRE DRINKER BIDDLE & REATH LLP**
One Logan Square, Suite 2000
Philadelphia, PA 19103-6996
Phone: (215) 988-2700
Fax: (215) 988-2757

*Attorney for Defendant Dawn Chavous*

/s/ Patrick J. Egan
Patrick J. Egan
**FOX ROTHSCHILD LLP**
2000 Market Street, 20th Floor
Philadelphia, PA 19103-3222
Phone: (215) 299-2000
Fax: (215) 299-2150

*Attorney for Defendant Kenyatta Johnson*

cc:     All counsel of record