IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 2:20-cr-00045-GAM |
| ABDUR RAHIM ISLAM<br>SHAHIED DAWAN<br>KENYATTA JOHNSON<br>DAWN CHAVOUS | JUDGE MCHUGH |
| Defendants. | |

**DEFENDANT KENYATTA JOHNSON'S MEMORANDUM OF LAW REGARDING
JURY QUESTION ON FRAUD BY OMISSION**

Defendant Kenyatta Johnson ("Councilmember Johnson"), through counsel, respectfully submits the following memorandum of law to address a question submitted by the jury during the second day of deliberations. Specifically, the jury has asked the following question: "Does failing to disclose a fact (such as marriage) constitute a 'false representation' (or fraud) by omission under the definition of honest services wire fraud scheme to defraud." Comm'n No. 14.

The simple answer to the jury's question is no. The Court should instruct the jury that the failure to disclose a fact such as marriage <u>cannot</u> constitute a "false representation . . . by omission" for purposes of the "scheme to defraud" element of 18 U.S.C. §§ 1343, 1346 in this case because the Government has not charged any alleged omissions in the Indictment. Moreover, the Court should issue a clarifying instruction that reminds the jury that it cannot find the "scheme to defraud" element satisfied based on anything other than a finding that there was a scheme to defraud the public out of the intangible right of honest services of Councilmember Johnson through bribery.

1

I. **The Indictment does not charge any alleged omissions (or misrepresentations) relating to the alleged failure to disclose Councilmember Johnson's marriage to Ms. Chavous.**

The Indictment references alleged "concealment" twice in relation to Counts Nine and Ten:

- In Paragraph 5, the grand jury charged that: "It was a further purpose of the scheme to conceal and protect the activities of the co-schemers from detection and prosecution by law enforcement officials as well as from exposure by the news media, through means that included, but are not limited to, the falsification of documents." Dkt. 1 at 32 ¶ 5.

- In Paragraph 10, the grand jury charged that: "In order to conceal the link between the payments and official acts of defendant Kenyatta Johnson, defendants Abdur Rahim Islam, Shahied Dawan, Dawn Chavous, and Johnson created a bogus consultant relationship between UCH and Chavous Consulting and prepared a series of contracts." Dkt. 1 at 33 ¶ 10.

The Government's "concealment" theory relates only to alleged ***affirmative acts*** taken by the Defendants in connection with the scheme: specifically, the alleged "falsification of documents" and the creation of a "bogus consultant relationship." Nowhere in the Indictment is there an allegation that Councilmember Johnson failed to disclose his marriage to Ms. Chavous (or even made a false representation regarding that fact) to any third party. Indeed, the Indictment alleges no "omission" of any sort.[1]

That alone is reason to answer the jury's question in the negative because any other answer would permit the jury to render a verdict based on a factual theory that was not charged in the Indictment. Such a "constructive amendment" of the Indictment should not be permitted. *See United States v. McKee*, 506 F.3d 225, 229 (3d Cir. 2007) ("An indictment is constructively

---

[1] The Third Circuit reviewed the categories of fraudulent misrepresentation in *United States v. Ferriero*, 866 F.3d 107, 120-22 (3d Cir. 2017). Those categories include: (i) a false statement of representation (also called an "express falsehood"), that is a statement that is false on its face; (ii) a "half-truth," which is true on its face but misleading because of what it omits; (iii) the concealment of "material facts"; and (iv) a fraudulent "omission," which arises when the defendant stays entirely silent in violation of a duty to speak. The Government has only charged concealment by means of affirmative acts in this case, not by alleged omission. *See* Dkt. 1 at 32 ¶ 5; *id.* at 33 ¶ 10.

amended when evidence, arguments, or the district court's jury instructions effectively 'amend[s] the indictment by broadening the possible bases for conviction from that which appeared in the indictment."); *see also United States v. Syme*, 276 F.3d 131, 148 (3d Cir. 2002); Fed. R. Crim. P. 7(c)(1) ("The indictment or information must be a plain, concise, and definite written statement of the ***essential facts*** constituting the offense charged and must be signed by an attorney for the government.") (emphasis added). The jury is not permitted to find that a scheme to defraud exists based on any uncharged alleged omissions.[2] *See Stirone v. United States*, 361 U.S. 212, 217-18 (1960) (constructive amendment where only one theory of 18 U.S.C. § 1951 violation charged and different theory proved at trial); *United States v. Miller*, 471 U.S. 130, 136-40 (1985) (no constructive amendment where two theories of 18 U.S.C. § 1341 violation charged and only one proved).

Moreover, any fraudulent omission theory would fail as a matter of law because an omission can only be fraudulent where there is a duty to disclose. *See Chiarella v. United States*, 445 U.S. 222, 228 (1980) ("[O]ne who fails to disclose material information prior to the consummation of a transaction commits fraud only when he is under a duty to do so. And the duty to disclose arises when one party has information "that the other [party] is entitled to know because of a fiduciary or other similar relation of trust and confidence between them."). The Indictment alleges no duty to disclose (because there is none), and, if it had, defense counsel would have developed evidence at trial to dispel the notion that Councilmember Johnson had a duty to disclose to anyone that Ms. Chavous was his wife, particularly where that fact is widely

---

[2] As explained below, allowing the jury to consider an uncharged "omission" theory would also risk creating a back door for the jurors to circumvent the Supreme Court's holding in *Skilling v. United States*, 561 U.S. 358, 412 (2010), which expressly disavowed the theory that an undisclosed conflict of interest could support an honest services fraud charge. In *Skilling*, of course, the Supreme Court held that honest services fraud charges are limited only to "bribery and kickback schemes." *Id.* at 368, 412.

3

known and certainly was not hidden from the public domain. It is difficult to see how a failure to disclose a fact that was widely known (and that was not actively concealed in any way) could be material. *See Neder v. United States*, 527 U.S. 1, 25 (1999) ("[M]ateriality of falsehood is an element of the federal mail fraud, wire fraud, and bank fraud statutes.").

## II. The jury may only find a scheme to defraud based on a bribery scheme, not on an alleged fraudulent omission.

The jury's question also suggests some confusion as to the type of conduct that it may rely on in finding the "scheme to defraud" element to be proven beyond a reasonable doubt. At bottom, the question relates to the issue of whether Councilmember Johnson may have had a conflict of interest in not disclosing his relationship to Ms. Chavous (there was no such conflict), but, after *Skilling*, that is no longer a proper basis for convicting a defendant of honest services fraud. *See Skilling v. United States*, 561 U.S. 358, 368, 412 (2010); *United States v. Riley*, 621 F.3d 312, 322-23 (3d Cir. 2010), *as amended* (Oct. 21, 2010) (jury instruction that failed to limit "scheme to defraud" element to only "bribes and kickbacks" legal error after *Skilling*).

As the Court previously instructed the jury, and consistent with *Skilling*, the first element of a Section 1346 charge can only be established in this case if the Government has proven beyond a reasonable doubt that each "defendant knowingly devised a scheme to defraud the public, the citizens of the City of Philadelphia, of their right to the honest services of City Councilman Kenyatta Johnson **through bribery**, or willfully participated in such a scheme with knowledge of its fraudulent nature." Jury Instruction No. 27 at 34 (emphasis added). Importantly, the phrase "scheme to defraud" has a specific definition, both because 18 U.S.C. § 1346 defines it in a specific way, and because the Indictment has charged it in a specific way.[3]

---

[3] As noted above, this is not a case in which the Government has charged fraud by alleged omission. The Government implicitly recognized as much when it argued at the charge conference that "[t]his is not the part of the case that involves a traditional wire fraud via representation" and that "[t]hat is something we'll have to wrestle with

4

Under Section 1346, a "scheme or artifice to defraud" is defined as "includ[ing] a scheme or artifice to deprive another of *the intangible right of honest services*." (citing 18 U.S.C. § 1346) (emphasis added). Similarly, the Government has charged Defendants with "knowingly devis[ing] and participat[ing] in a scheme and artifice to defraud and to deprive the citizens of the 2nd District and the citizens of Philadelphia of their right to the honest services of defendant Kenyatta Johnson *through bribery*." Dkt. 1 at 31 ¶ 3 (emphasis added).

Thus, as reflected in the statute and in the Indictment, the alleged "scheme to defraud" in this case is defined in relation to a bribery scheme, not in relation to an alleged omission that had the effect of defrauding the public. Said differently, if the jury is to find "a scheme to defraud" here, it would have to find that the public was deprived of the right to an impartial public servant because that public servant was bribed by someone to take a particular official action. The theory is not, and cannot be, that Councilmember Johnson defrauded the public because he concealed his relationship to Ms. Chavous. That alleged (and uncharged) failure to disclose cannot form the basis of a finding that there was a "scheme or artifice to defraud."

The Court should therefore issue a clarifying instruction that reminds the jury that it can only find the scheme to defraud element proven beyond a reasonable doubt if it finds that the Defendants knowingly and willfully devised or participated in a bribery scheme. Such an instruction could read:

> I have your Communication No. 14, which asks: "Does failing to disclose a fact (such as marriage) constitute a 'false representation' (or fraud) by omission under the definition of honest services wire fraud scheme to defraud." The answer to your question is: "No." I remind you that to find the "scheme to defraud" element proven beyond a reasonable doubt in this case, you must find that the defendant you are considering knowingly devised or willfully participated in a scheme to deprive the

---

in phase two as it relates to some of the other counts[,] [b]ut it is not part of this count." 4/15 Trial Tr. at 143:12-14, 143:8-12; *see also id.* at 143:8-12 ("[B]y definition 1346, as is charged in in [sic] the indictment, specifically, wire fraud reaches schemes to deprive another of the honest services, in this case of Mr. Johnson. That is all that is required."). *Id.* at 143:14-16.

public out of the honest services of Councilmember Johnson through *quid pro quo* bribery, by means of a sham consulting contract issued to a consulting company owned by Defendant Dawn Chavous.[4] I further instruct you that the failure to disclose a conflict of interest is not honest services fraud. You may not find the "scheme to defraud" element to be proven unless you find that the Government has proven the existence of a *quid pro quo* bribery scheme, as I have previously defined for you.

Dated: April 15, 2022

Respectfully submitted,

*/s/ Patrick J. Egan*
Patrick J. Egan
Nathan Huddell
Stephanie Ohnona
Saverio S. Romeo
**FOX ROTHSCHILD LLP**
2000 Market Street, 20th Floor
Philadelphia, PA 19103-3222
Phone: (215) 299-2000
Fax: (215) 299-2150

*Attorneys for Defendant Kenyatta Johnson*

---

[4] Defense counsel maintains that the Government must prove beyond a reasonable doubt that the Defendants schemed to commit bribery via a sham consulting contract because that is what the grand jury charged in the Indictment. *See United States v. Frankel*, 721 F.2d 917, 921 (3d Cir. 1983) ("The indictment charges defendant with misrepresentations and therefore we must assume that the grand jury based its allegations on that premise. Since the government chose to rely on misrepresentations, it must prove them."). Even if the Court disagrees with that point, it should, at the very least, remind the jury of the Court's instruction defining *quid pro quo* bribery to refocus the jury on the fact that bribery is the only basis on which a scheme to defraud can be found in this case.

## **CERTIFICATE OF SERVICE**

  I, Patrick Egan, hereby certify that on this 15th day of April 2022, the foregoing was served to all parties of record via electronic mail and via the Court's electronic filing system (CM/ECF), which will send notification of filing to all attorneys of record.

Dated:  April 15, 2022            */s/ Patrick J. Egan*
                      Patrick J. Egan